**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
November 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

**DAN ASHER OWINO,**

    **Plaintiff,**

**v.**

**CHANDLER CONCRETE CO., INC.,**

**Serve:**
    **Corporation Service Company**
    **Registered Agent**
    **100 Shockoe Slip, Fl 2**
    **Richmond, Virginia 23219-4100**

    **Defendant.**

**Case No.:**  7:25-cv-830

**JURY TRIAL DEMAND**

## COMPLAINT

The above-named Plaintiff, Dan Asher Owino ("Plaintiff" or "Mr. Owino"), by counsel, states as his Complaint against Defendant Chandler Concrete Co., Inc., ("Defendant" or "Chandler Concrete") the following:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter as it arises from the federal questions presented by Title VII of the Civil Rights Act of 1964, as codified under 42 U.S.C. §§ 2000e, *et seq.*, 42 U.S.C. § 2000e-5(f) ("Title VII"). *See generally* 28 U.S.C. §§ 1331, 1343(a)(4).

2. This Court has jurisdiction over the related state law claims, as they share a common nucleus of operative fact with Mr. Owino's federal claims. *See* 28 U.S.C. § 1367.

3. Chandler Concrete is incorporated under the laws of the Commonwealth of

Virginia and has its principal place of business in Roanoke, Virginia.

4.  The acts and/or omissions of Defendant, from which the following causes of action arise, occurred within Roanoke, Virginia.

5.  Venue is appropriate as the acts and/or omissions of Defendant from which these causes of action arise occurred within the Western District of Virginia. *See* 28 U.S.C. § 1391(b)(2).

6.  Mr. Owino timely filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") and the Office of Civil Rights of the Virginia Office of the Attorney General ("OCR") in August of 2024. Mr. Owino received a Determination and Notice of Rights from the EEOC dated August 25, 2025, attached hereto as **EXHIBIT A**. Mr. Owino received a Determination and Notice of Rights from the OCR dated August 29, 2025,  Mr. Owino files suit within ninety (90) days of receipt of those Dismissals and Notices of Rights.

## II.  THE PARTIES

7.  Mr. Owino is Kenya-born, black, and domiciled in Roanoke, Virginia.

8.  Chandler Concrete owns and operates a facility in Roanoke, Virginia. Chandler Concrete's principal place of business is located in Burlington, North Carolina.

## III. FACTUAL ALLEGATIONS

9.  Mr. Owino is a Black male of African/Kenyan origin, and has worked as a Driver for Respondent Chandler Concrete since June 2023.

10. Mr. Owino's duties included delivering concrete to customers, inspecting the trucks and any other miscellaneous duties he was asked to perform.

11. Mr. Owino excelled at his job but sought promotion up the chain of command at Chandler Concrete.

12. Chandler Concrete did not wish to lose Mr. Owino's employment, but, as evidenced below, had no intention of genuinely offering him a promotion despite the fact that he met all qualifications.

13. In November 2023, Mr. Owino sought a quality control position - - a promotion. The quality control position would have provided Mr. Owino with higher pay and a company vehicle.

14. Mr. Owino was more than qualified for this position and absent unlawful discrimination, would have received it.

15. Chandler Concrete's General Manager, Kevin Smith (who was Production Manager at the time but got promoted this year to General Manager) assured Mr. Owino that he would be placed in his new position.

16. However, in order to assume the position, Mr. Owino was required to complete a VDOT/ACI test at a plant in Virginia Beach. Mr. Owino immediately requested study materials and additional training.

17. When white or U.S. born employees are provided notice of this test, Chandler Concrete provides these employees study materials weeks in advance along with additional training specifically designed to assist in passing the test.

18. Chandler Concrete did not wish for Mr. Owino to succeed on his test. Chandler Concrete did not provide additional training to Mr. Owino in anticipation of the test.

19. Chandler Concrete provided voluminous study materials to Mr. Owino twenty-four

hours prior to the test date in January of 2024. These materials were typically provided weeks in advance to white, US-born employees of Chandler Concrete. It was impossible for Mr. Owino to review the material in the time provided.

20. Leading up the test, Chandler Concrete refused to provide Mr. Owino training.

21. Chandler Concrete next increased his working hours such that Mr. Owino had even less time to prepare for the test. This was done intentionally by Chandler Concrete in furtherance of its desire that Mr. Owino fail his test.

22. Under these conditions, Mr. Owino failed the test.

23. Chandler Concrete informed Mr. Owino that he would not receive the promotion.

24. A male employee outside of Mr. Owino's protected class(es) (white, of American origin), with less seniority than Mr. Owino, was provided a reasonable amount of time to study for the exam and was promoted to the quality control position in his stead.

25. At the time this occurred there were no black or African-born quality control employees in Chandler Concrete's employ.

26. The denial of the quality control position was motivated by or solely based on Mr. Owino's race, color and national origin.

27. Mr. Owino reported this disparate and discriminatory treatment to Chandler Concrete Human Resources. Chandler Concrete never responded or addressed his concerns.

28. Chandler Concrete never provided a legitimate nondiscriminatory reason for its own disparate treatment of Mr. Owino.

29. The ordeal surrounding Mr. Owino's non-promotion was so stressful that it

required he seek medical treatment.

30. Mr. Owino field administrative charges alleging discrimination on the basis of race, color, and national origin. He filed these with the Office of Civil Rights of the Virginia Office of the Attorney General and the Equal Employment Opportunity Commission.

31. Chandler Concrete had actual notice of both filings.

32. In support of his claims of discrimination, Mr. Owino can point to the fact that after he reported discrimination to federal and state agencies, Chandler Concrete increased discriminatory acts and aggressions against Mr. Owino in an effort to make him quit.

33. After Mr. Owino filed his administrative claims, Chandler Concrete increased its hostility toward Mr. Owino including being subject to extended work periods without breaks and denied adequate time to use the rest room. Chandler Concrete denied Mr. Owino proper time to clean his truck so that Chandler Concrete management could reprimand Mr. Owino.

34. Due to Chandler Concrete's discriminatorily motivated failure to promote Mr. Owino, he has suffered lost pay, benefits, and compensatory damages.

35. This is a continuing action.

### COUNT I:  TITLE VII CLAIM FOR TITLE VII RACE/COLOR/NATIONAL ORIGIN DISCRIMINATION

36. Mr. Owino incorporates by reference herein the preceding paragraphs of this Complaint.

37. Mr. Owino identifies as Kenyan and black. Mr. Owino appears typical of a person born in Kenya.

38. At all times material hereto, Chandler Concrete had an obligation to maintain a work environment that was not charged with race/color discrimination and hostile to Mr. Owino and other minority employees.

39. Chandler Concrete violated federal law by creating and permitting a work environment to exist that was discriminatory and hostile to Mr. Owino.

40. Chandler Concrete wrongfully failed to promote Mr. Owino by manipulating the sequence of events so that Mr. Owino could not pass his test required for promotion.

41. Chandler Concrete employees and management acted in the course and scope of their employment with Chandler Concrete at the time of their actions; therefore, Chandler Concrete is liable for their actions under the doctrine of *respondeat superior*. Their actions against Mr. Owino were committed during working hours and at their place of employment and/or were in conjunction with work-related responsibilities.

42. As a direct and proximate result of Chandler Concrete's actions, Mr. Owino has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

43. At all times material hereto, Chandler Concrete engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Mr. Owino so as to support an award of liquidated and/or punitive damages.

44. Prior to Chandler Concrete's failure to promote Mr. Owino, he was exceptionally qualified for the position and was performing his work at a better-than satisfactory level. Mr. Owino exceeded Chandler Concrete's legitimate business expectations, but was denied a promotion due to illegal reasons.

45. When Mr. Owino reported the foregoing unlawful discriminatory practices, he was subjected to greater hostility.

46. The above-described acts by Chandler Concrete constitute race/color discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

47. Mr. Owino is entitled to all reasonable costs, including attorneys' fees, associated with this matter, plus interest, pursuant to 42 U.S.C. § 2000e-5(k).

## COUNT II: CLAIM FOR DISCRIMINATION IN VIOLATION OF THE VIRGINIA HUMAN RIGHTS ACT

48. Mr. Owino hereby incorporates by reference as if set forth fully herein the preceding paragraphs of this Complaint.

49. Chandler Concrete is an employer pursuant to Va. Code § 2.2-3905 as it employs 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

50. Mr. Owino timely filed a Complaint concerning racial and national origin discrimination and retaliation with the Virginia Office of Civil Rights and files this suit within 90 days of receiving the Notice of Right to Sue.

51. Pursuant to Va. Code § 2.2-3905(A), it is an unlawful practice for "An employer to fail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's *race, color, . . .* [or] *national origin.*"

52. Chandler Concrete wrongfully failed to promote Mr. Owino by intentionally scuttling his ability to pass a required test.

53. Chandler Concrete hired a less qualified employee outside of Mr. Owino's protected classes in the position sought by Mr. Owino.

54. When Mr. Owino reported the foregoing unlawful discriminatory practices, he was subjected to greater hostility.

55. Prior to Chandler Concrete's failure to promote Mr. Owino, he was exceptionally qualified for the position and was performing his work at a better-than satisfactory level. Mr. Owino exceeded Chandler Concrete's legitimate business expectations, but was denied a promotion due to illegal reasons.

56. As a direct and proximate result of Chandler Concrete's actions, Mr. Owino suffered and will continue to suffer pecuniary loss, compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

57. Chandler Concrete acted with malice or with willful and wanton disregard for the rights of Plaintiff, thereby supporting an award of punitive damages.

58. Pursuant to Va. Code § 2.2-3908(B), "the court or jury may award to the plaintiff, as the prevailing party, compensatory and punitive damages and the court may award reasonable attorney fees and costs and may grant as relief any permanent or temporary injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in such practice, or order such affirmative action as may be appropriate."

59. The above-described acts by Chandler Concrete and employees of Chandler Concrete constitute retaliation in violation of the Virginia Human Rights Act, Va. Code §§ 2.2-3900, *et seq*.

WHEREFORE, Plaintiff Dan Asher Owino prays for judgment against Defendant Chandler Concrete Co., Inc., and for injunctive relief, equitable relief, compensatory

damages, punitive damages, together with prejudgment interest, post-judgment interest, back pay, front pay, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED ON ALL MATTERS UPON WHICH A TRIAL MAY BE CLAIMED INCLUDING THE ENFORCEABILITY OF AN ARBITRATION AGREEMENT.

Respectfully submitted,

**DAN ASHER OWINO**

/s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB# 75488)
VIRGINIA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, Virginia 24018
Tel:  540-283-0802
thomas@vaemployment.law