CLERK'S OFFICE U.S. DISTRICT COURT AT ROANOKE, VA
FILED
11/2/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAN ASHER OWINO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:25-cv-00830 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHANDLER CONCRETE COMPANY, INC., | ) | By: Hon. Thomas T. Cullen United States District Judge |
| | ) | |
| Defendant. | ) | |

On November 18, 2025, Plaintiff Dan Asher Owino ("Owino") brought claims against Chandler Concrete Company, Inc. ("Chandler Concrete"), alleging race and national-origin discrimination under both Title VII of the Civil Rights Act and the Virginia Human Rights Act. (*See generally* Compl. [ECF No. 1].) He amended his complaint on February 4, 2026, to incorporate facts related to his second Equal Employment Opportunity Commission ("EEOC") charge, which alleged continued discrimination and retaliation. (*See* Am. Compl. ¶ 6 [ECF No. 5].)

Now, Owino seeks to file a Second Amended Complaint[1] in order to document continued instances of retaliation since the February filing of the First Amended Complaint. (*See* ECF Nos. 16 & 17.) He also seeks a preliminary injunction, arguing that the alleged retaliation is both ongoing and poses a danger to his physical safety. (*Id.*) Chandler Concrete contests Owino's motion, maintaining that supplementation would be futile because the newly

[1] Owino's motion is styled as a "Motion for Leave to File a Second Amended Complaint." (*See* ECF No. 16.) As discussed below, the court construes this as a motion to supplement—not a motion to amend—so the court uses the former word to describe Owino's motion throughout this Memorandum Opinion.

alleged facts were never reported to the EEOC and that Owino has not clearly shown he is entitled to a preliminary injunction. (ECF No. 18.) Because the court cannot adequately evaluate the affirmative defense of exhaustion at this stage, the court will grant Owino leave to supplement his complaint. But because the court cannot at this stage determine that Owino has any likelihood of success on the merits, it will not grant him a preliminary injunction.

## I. BACKGROUND

The events at issue started in 2023, when Owino, a Kenyan-born Black man, began working for Chandler Concrete as a truck driver. (Am. Compl. ¶ 9; Answer ¶ 9 [ECF No. 5]; ECF No. 16 at 2.) In November of that year, Owino sought a promotion to a quality control position. (Am. Compl. ¶ 13; Answer ¶ 13.) He claims that he was assured he would be placed in the position. (Am. Compl. ¶ 15.) But in order to qualify for the promotion, Owino had to first pass both a Virginia Department of Transportation ("VDOT") and an American Concrete Institute ("ACI") examination.[2] (Am. Compl. ¶ 16; Answer ¶ 16.)

Owino alleges that he requested study materials for the examinations, but that he only received the materials the day before the exam. (Am. Compl. ¶¶ 16, 20.) He further alleges that Chandler Concrete increased his work hours around the same time. (*Id.* ¶ 21.) In his view, Chandler Concrete created these conditions so that Owino would fail the exam, which he did. (*Id.* ¶¶ 17–22.) Because Owino failed the exam, Chandler Concrete did not award him the promotion. (*Id.* ¶ 23; Answer ¶ 23.) Owino maintains that Chandler Concrete provided the individual promoted to the quality control position—a Caucasian of American origin with less

[2] The pleadings are somewhat unclear regarding the exact examination requirements for the quality control position. It would appear from Owino's Amended Complaint that a singular combined examination is required. (Am. Compl. ¶ 16.) Chandler Concrete's Answer suggests that the examination has multiple components, some of which Owino passed, and/or that there are multiple examinations. (Answer ¶¶ 16–22.)

seniority than Owino—with ample time and material to study for and pass the exam. (Am. Compl. ¶ 25.) In Owino's words, when Owino reported this "disparate and discriminatory treatment" to Chandler Concrete's Human Resources department in spring 2025, he never received an explanation, and he was forced to seek medical treatment to cope with the stress. (*Id.* ¶¶ 28–30.)

Owino next filed administrative charges with the Virginia Office of the Attorney General and the EEOC. (*Id.* ¶ 31.) After that, he alleges, he began to experience retaliation, including denial of breaks, heightened scrutiny by supervisors, earlier shifts, and denied opportunities. (*Id.* ¶ 34–38.) Then, Owino contends, after filing a secondary administrative claim in July 2025, "Chandler Concrete increased its hostility toward" him and continued to engage in retaliatory behavior up to the filing of his Amended Complaint. (*Id.* ¶¶ 40–45.) The EEOC responded to Owino's charges on August 25, 2025, and January 22, 2026, giving him the right to sue. (Am. Compl. Attachs. 1 & 3.) The Virginia Office of the Attorney General did the same on August 29, 2025. (Am. Compl. Attach. 2.)

Now, Owino has sought leave to supplement his pleading in order to capture allegations of continuing retaliation after February 4, 2026. (ECF No. 16.) These allegations include:

> (1) continued denial of breaks through August 2026; (2) continued preferential training and advancement opportunities afforded to employees outside Plaintiff's protected classes; (3) escalating scrutiny and alleged pretextual discipline; (4) exclusion from workplace communications and safety meetings; (5) surveillance of Plaintiff; (6) a substantial reduction in Plaintiff's hours and overtime opportunities in August 2026; and (7) repeated assignments to commercial vehicles containing reported and unresolved safety defects.

(ECF No. 17 at 3; *see also* Second Am. Compl. ("SAC") [ECF No. 16-1].)

Chandler Concrete opposes Owino's motion on futility grounds. (*See* ECF No. 18.) In Chandler Concrete's view, the proposed supplements would "inject a host of new allegations . . . none of which were ever presented to the EEOC." (*Id.* at 1–2.) Presentation to the EEOC is required, Chandler Concrete argues, so the new allegations are barred, rendering the motion to supplement futile. (*Id.* at 2.)

Owino also seeks a preliminary injunction, which he contends is necessary to "preserv[e] [his] safety and protect[] him from continuing retaliation during the pendency of this action." (ECF No. 17 at 2.) Owino details the alleged safety risks in a declaration accompanying his motion. (Owino Decl. [ECF No. 17-1].) Specifically, he alleges that he has been instructed to continue operating trucks with flashing check-engine lights, malfunctioning brakes, defective backup systems, and other defects. (*Id.* ¶¶ 19–64.) Chandler Concrete disagrees and argues that Owino cannot establish that he is entitled to a preliminary injunction. (ECF No. 18 at 9.) Both requests are now ripe for decision.

## II. Standard of Review

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and directs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 15(d) allows the court to, "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Practically speaking, though, there is little distinction; courts use the same standard in ruling on a motion to supplement as on a motion to amend. *See Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002).

"Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Clark v. Payne*, 2024 WL 1092545, at *5 (W.D. Va. Mar. 13, 2024) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)) (cleaned up). "An amendment may be futile when the 'proposed amendments could not withstand a motion to dismiss.'" *McKeown v. Rahim*, 446 F. Supp. 3d 69, 87 (W.D. Va. 2020) (quoting *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)). Even then, "leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Orowheat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

"A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (citing *Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013)). "A preliminary injunction shall be granted only if the moving party clearly establishes entitlement to the relief sought." *Id.* (citing *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir. 1981)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## III. ANALYSIS

Owino seeks to supplement his pleadings to reflect allegations of events occurring since February. He also requests a preliminary injunction to prevent those events from continuing. The court evaluates each request in turn.

**A. Motion to Supplement**

As an initial matter, Owino's motion is better styled as a Rule 15(d) motion to supplement because it concerns events alleged to have occurred *after* the commencement of his suit. *See Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770, 775 (4th Cir. 1991) (explaining that "facts accruing after the suit is brought may not be inserted by way of amendment but must be added by supplemental pleading"). Because Owino acknowledges that the supplementary allegations concern events alleged to have occurred after the February 2026 filing of the Amended Complaint (ECF No. 17 at 3), the court will consider this as a motion to supplement. But again, the distinction—at least here—is irrelevant. *See Franks*, 313 F.3d at 198 n.15.

"[B]efore filing suit under Title VII . . . a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022). The allegations contained within that charge "generally operate to limit the scope of any subsequent judicial complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996). Ultimately, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Id.* at 963; *see also Stewart v. Iancu*, 912 F.3d 693, 705–06 (4th Cir. 2019). Claims that exceed that scope are procedurally barred. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). But "if the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." *Id.* (citing *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247–48 (4th Cir. 2000)).

Importantly, though, exhaustion is generally considered an affirmative defense. *See Mills v. Inova Health Care Servs.*, No. 23-2318, 2025 WL 40550, at *2 (4th Cir. Jan. 7, 2025). And because exhaustion is an affirmative defense, a court evaluating the sufficiency of a complaint using a motion to dismiss standard typically cannot determine whether the exhaustion requirement has been met.[3] *L.N.P. v. Kijakazi*, 64 F.4th 577, 585 (4th Cir. 2023). Only "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint" may the affirmative defense be reached using a motion to dismiss standard. *Goodman v. Praxair*, 494 F.3d 458, 464 (4th Cir. 2007). And that exception "only applies . . . if all facts necessary to the affirmative defense 'clearly appear on the face of the complaint.'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (cleaned up); *see also Bailey v. Islands Mech. Contractor, Inc.*, 827 F. Supp. 639, 662–63 (E.D.N.C. 2026) (granting a motion to dismiss on exhaustion grounds where plaintiff did "not allege any contact with the EEOC, let alone a timely filed charge of discrimination").

This case does not fit with that strict exception because there are significant factual questions outstanding. As discussed, Owino seeks leave to supplement his pleading to include alleged events occurring between the date of his Amended Complaint—February 4, 2026—and August 2026. Neither party has provided the court with Owino's actual EEOC charges. Chandler Concrete summarizes both in its Opposition Brief (*see* ECF No. 18 at 3–4), but the summaries are insufficient to meet the strict standard described in *Goodman*. 494 F.3d at 464. The court cannot, at this point, determine that Owino failed to exhaust his remedies.

---

[3] Cases typically discuss this issue in the context of a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *Mills*, 2025 WL 40550, at *2; *Goodman v. Praxair*, 494 F.3d 458, 464 (4th Cir. 2007). In the court's view, the present context is no different, as a court evaluating whether a proposed amendment or supplementation is futile does so by considering whether it would withstand a motion to dismiss. *See Perkins*, 55 F.3d at 917.

This is true for another reason: Owino may not have had to. Despite Chandler Concrete characterizing the "reasonably related" exception to the exhaustion requirement as "a narrow test," (ECF No. 18 at 6), retaliation claims receive considerably more lenient treatment than other "reasonably related" claims. *See Crockett v. Virginia*, No. 5:24-cv-00084, 2026 WL 1103283, at *16 (W.D. Va. Apr. 23, 2026) ("Notably, the 'reasonably related' exhaustion requirement is more relaxed for a Title VII retaliation claim."). And relevantly, "[a] claim of retaliation for the filing of an EEOC charge of discrimination is 'like or reasonably related to and growing out of such allegations.'" *Pinzon v. Sentara RMH Med. Ctr.*, No. 5:20-cv-00091, 2021 WL 4303777, at *4 (W.D. Va. Sep. 21, 2021); *see also Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992) (adopting the position that "a plaintiff may raise the retaliation claim for the first time in federal court"); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297 (4th Cir. 2009) (abrogated on other grounds) (clarifying *Nealon*). So while the court cannot determine without more evidence (like the EEOC charges) whether Owino's new claims are reasonably related to the facts set out in his EEOC charges, it will not prohibit him from supplementing his complaint when both the substantive and procedural rules at issue tend toward leniency. *See Johnson*, 785 F.2d at 510 ("[L]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

For these reasons, the court will grant Owino leave to supplement his pleadings. Of course, all options remain open to Chandler Concrete. It can file a motion to dismiss, bearing in mind the court's statements about exhaustion at that stage. Or it can proceed through

litigation and raise exhaustion at a later point. The court does not claim to pre-judge any such motion in this Memorandum Opinion or the accompanying Order.

**B. Motion for Preliminary Injunction**

Owino seeks a preliminary injunction to prevent Chandler Concrete from placing him in physical danger as retaliation "for making good-faith safety reports or for pursuing [his] discrimination complaints and this lawsuit." (Owino Decl. ¶ 73.) To qualify for the "extraordinary remedy" of preliminary injunctive relief, "the party seeking the preliminary injunction must demonstrate by a 'clear showing' that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." *Baltas v. Clarke*, No. 7:20-cv-00276, 2021 WL 1093646, at *1 (W.D. Va. Mar. 22, 2021) (quoting *Winter*, 555 U.S. at 20, 22). All four factors must be satisfied. *W. Va. Rivers Coal., Inc. v. Chemours Co. FC, LLC*, 178 F.4th 102, 113 (4th Cir. 2026). But the court need not address every factor when one or more has not been satisfied. *Henderson ex rel. NLRB v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2020).

"To establish a prima facie claim of retaliation, a plaintiff must show: (1) that he engaged in protected activity, (2) that the employer took a materially adverse action against him[,] and (3) there is a causal connection between the protected activity and the adverse action." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 213 (4th Cir. 2019). And while a plaintiff need not prove their full case to get a preliminary injunction, the first factor has a high burden: "merely providing sufficient factual allegations to meet the Fed. R. Civ. P. 12(b)(6) standard . . . does not show a likelihood of success on the merits." *Kim v. Rector and Visitors of*

*the Univ. of Va.*, No. 3:25-cv-00054, 2025 WL 2177198, at *7 (W.D. Va. July 31, 2025) (quoting *J.O.P. v. U.S. Dep't of Homeland Sec.*, 338 F.R.D. 33, 60 (D. Md. 2020)).

The court finds that, at this early stage, Owino has not demonstrated a likelihood of success, much less made a "clear showing" of one. In support of his motion, Owino points to a declaration detailing the dangers he allegedly experiences working for Chandler Concrete. (ECF No. 17-1.) But Chandler Concrete denies nearly every allegation in the Amended Complaint (*see generally* Answer [ECF No. 15]), and it has not even had the opportunity to respond to the new allegations in the SAC. And importantly, in determining what qualifies as materially adverse, "[c]ontext matters." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69 (2006) (also explaining that "the significance of any given act of retaliation will often depend upon the particular circumstances"). The context of the alleged acts of retaliation is, at this point, unclear, as is whether they are causally related to any protected activity. The facts in dispute simply require further development before either party could demonstrate a likelihood of success on the merits. As a result, the court will deny Owino's request for preliminary injunctive relief.

## IV. CONCLUSION

Given the procedural posture of this case, the court will grant Owino's motion to supplement and allow the filing of the SAC. As Owino has not met the exacting standard required for a preliminary injunction, the court will not award him one.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this 2nd day of November, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE